IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JONI PARKER, | |
| Plaintiff, | Case No. 3:19-cv-00323-WHR |
| v. | Judge Walter H. Rice |
| BOB EVANS RESTAURANTS, LLC, ET AL., | |
| Defendants. | |

## JOINT STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and the stipulation of the Parties, the Court enters this Protective Order. It is hereby ORDERED THAT:

**(1)** <u>Designation of Confidential Material</u>. Any Party to this lawsuit (individually, a "Party," and collectively the "Parties") may designate any items or information produced by her or it, or produced by a non-party agent in possession of her or its information, as Confidential Information ("Confidential Information"), if such designating Party has a good faith belief that (i) the designated information constitutes, contains, and/or relates to a trade secret, as defined under Ohio law, the Defend Trade Secrets Act of 2016, or other confidential research, development or commercial information as described in Fed. R. Civ. P. 26(c)(1)(G), (ii) the designated information is protected by law and/or contract, or (iii) the designated information is information that a Party reasonably believes contains confidential business or personal information such as non-party personnel documents or proprietary business procedures and practices or other similar information that a reasonable person or business would regard as personal and confidential. Any "Confidential Information" so designated may only be used in

connection with these proceedings and shall not be disclosed or utilized in any other respect, except as otherwise provided for in this Protective Order.

(2) <u>Procedure to Challenge Confidential Information Designations</u>. Any "Confidential Information" designation shall be without prejudice to the rights of any other Party to apply to the Court for a determination of whether the designation is proper. The challenging Party, however, shall first use extrajudicial attempts as set forth in Fed. R. Civ. P. 37(a)(1). If those attempts fail, then the challenging Party shall have the right to file an appropriate motion seeking a ruling from the Court regarding the propriety of the "Confidential Information" designation. If the challenging Party files such a motion, the designating Party shall bear the burden of establishing to the Court's satisfaction that the designated material qualified for treatment as Confidential Information.

(3) <u>Method of Confidential Information Designation</u>. The designation of information as "Confidential Information" for purposes of this order shall be made as follows:

> (a) In the case of items or information in documentary form, including without limitation documents, answers to interrogatories, or other written materials (apart from depositions, other pretrial testimony, transcripts thereof or exhibits thereto), by stamping each page of such "Confidential Information" with "Confidential" or "Confidential, Subject to Protective Order," or some similar or comparable designation.
>
> (b) In the case of depositions, including the transcripts thereof and exhibits thereto, by a statement on the record by counsel for the Party making the disclosure at the time of such disclosure, or in writing to opposing counsel anytime within 30 days after the deposition is transcribed and transmitted for review.
>
> (c) For items or information in some form other than documentary, and for any other tangible items, the Party designating the information shall affix in a prominent place on the exterior of the container, disk or other media in which the item or information is stored the legend "Confidential," or "Confidential, Subject to Protective Order," or some similar designation.

(4) <u>Inadvertent Failures to Designate Confidential Information.</u>

Inadvertent failure to identify information as Confidential Information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are followed. If a Party discovers that information should have been but was not designated as Confidential Information, that Party must notify all other Parties in writing within 7 days of such discovery, and must specify which information should be designated as "CONFIDENTIAL." In that event, within 7 days of notifying all other Parties, that Party must provide copies of the Protected Materials with the appropriate designation in accordance with this Protective Order. After receipt of such re-designated information, the Confidential Information shall be treated in accordance with the protections afforded under this Protective Order. The Party in receipt of the information shall have no liability, under this Protective Order or otherwise, for any disclosure of information occurring before that Party was placed on notice of the producing Party's claims of confidentiality.

(5) <u>Use of Confidential Information at Deposition or Pretrial.</u> Whenever any "Confidential Information" is disclosed or used at a deposition or other pretrial testimony in this action, (i) each portion of any such testimony in which the "Confidential Information" is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such "Confidential Information," (ii) the transcript of the confidential portion and all confidential exhibits shall be bound separately after transcription, marked "Confidential – Subject to Protective Order," (or comparable language), and shall thereafter be deemed to be fully subject to the provisions of this Protective Order.

(6) <u>Electronic Filing and Confidential Information.</u> All electronic filings that contain Confidential Information shall be filed in compliance with the Electronic Case Filing Procedures

for the Southern District of Ohio. A Party may file Confidential Material under seal only with leave of the Court upon motion for good cause shown and only to the extent necessary to preserve legitimate confidentiality concerns.

(7) <u>Persons Who May View Confidential Information</u>. "Confidential Information" produced by a Party may be disclosed by the Parties hereto and their counsel only to the following persons:

(a) the Court and its personnel at any pretrial or post-trial stage of this action, either in camera, or in a sealed envelope, or under such other safeguards as the Court may require in order for "Confidential Information" to be used or introduced at any pretrial or post-trial hearing herein;

(b) the Parties and counsel for the Parties in this action who have entered an appearance in this action (including attorneys who are officers or employees of a Party) and paralegals, legal assistants, secretaries, or other staff of such counsel working on this action;

(c) court reporters and their staff recording proceedings in this action;

(d) witnesses in preparing for or at the deposition, hearing, or trial, but only to the extent disclosure is reasonably necessary, and in no event shall a witness retain any Confidential Information or any copies thereof;

(e) any expert(s) consulted or retained to assist in the preparation of the case, or to testify, who have first signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

(f) persons employed or retained by an independent litigation support company assisting the attorneys referred to herein, including, but not limited to, jury consultants and document management companies, who have first signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

(g) any investigator hired for purposes of this litigation and who has first signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

(h) any person whom Counsel for the Parties collectively agree should have access to such materials and who has first signed the

"Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A).

(8) <u>Duration of Protective Order</u>. This Protective Order shall apply through trial as more fully set forth in numbered paragraph (13) below, subject to the understanding that the Court will determine when the documents will be treated as public records when and if they are introduced in open court at trial and with the further understanding that any Party may seek additional in-court protection or safeguards as to documents designated as Confidential.

(9) <u>Inadvertent Production of Privileged or Other Legally Protected Information</u>. The Parties have negotiated and agree to the following terms governing "Privileged Material," as that term is defined herein. "Privileged Material" includes any materials, documents, papers, communications, information, notes, and all other items or materials related to this action that the producing party in good faith believes are protected by the attorney-client privilege, work-product doctrine, or any other privilege under the law or applicable rules.

The parties agree that production of Privileged Material, whether inadvertent or otherwise ("Inadvertent Production Material"), is not a waiver of, or estoppel as to any claim of attorney-client privilege, work-product, or other applicable privilege, immunity, or other protection and shall not be deemed to be either (a) a general waiver of the attorney-client privilege, the work-product privilege or other similar privilege; or (b) a specific waiver of any such privilege with respect to any such matters.

A claim of inadvertent disclosure shall constitute a representation by that producing party that the Inadvertent Production Material has been reviewed by an attorney for such producing party and that there is a good faith basis for such claim of inadvertent disclosure. In the event that a Party inadvertently produces information that the Party considers to be subject to any privilege or other legal protection from disclosure, that Party shall give written or electronic

5

notice to the receiving Party no later than 7 days after discovery by the producing Party of the inadvertent production of such information. Such written and electronic notice shall (a) identify the information; and (b) state the nature of the privilege(s) or legal protection(s) asserted and provide the necessary details in order to allow the receiving Party to evaluate the claim of privilege. Upon receipt of such notice, any receiving Party that has received a copy of such information shall return it to the producing Party and shall destroy any other copies thereof, without waiver of the right to challenge the substantive label of privilege or other protection after receipt of an updated or supplemental privilege log for this information.

In the event the receiving party discovers that it has received Privileged Material, upon discovery the receiving party shall cease review of the same and bring that fact to the attention of the producing party.

**(10)** <u>Modification of Protective Order</u>. This Protective Order may be construed or modified by the Court, on application of any Party or on its own initiative, to insure that adjudication of all issues may be had in the light of all relevant material facts without publishing or otherwise destroying the value of any "Confidential Information," except to the extent such publication or destruction cannot be avoided by the Court in the performance of its duties.

**(11)** <u>No Waiver of Other Rights</u>. Nothing in this Protective Order shall be deemed a waiver of a producing Party's right to (a) oppose discovery on grounds other than that the discovery sought constitutes or contains Confidential Information, (b) seek further protection other than that which this Protective Order prescribes with respect to Confidential Information, or (c) object on any ground to the admission in evidence, at any trial, or public proceeding in this matter, of any type or classification of material produced or disclosed pursuant to this Protective Order.

Nothing in this Protective Order shall limit in any manner a Party's own use of any documents, deposition testimony, materials and/or other information produced by it and/or designated by it as Confidential, merely because such Confidential Information was produced and/or designated by it as Confidential, or because such Confidential Information was also produced and/or designated as Confidential by another Party.

(12) <u>Treatment of Confidential Information After Case Termination</u>. Unless otherwise ordered, within 45 days after the final termination of this action, or such other time period as agreed to by the Parties, upon written request of the producing Party, the receiving Party must return to the other Party or Parties or destroy (at the receiving Party's option) all Confidential Information. As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Information. Whether the information is returned or destroyed, the receiving Party, at the producing Party's request, must submit a written certification to the other Party or Parties that confirms that all the Confidential Information identified in the producing Party's request was returned or destroyed. Notwithstanding this provision, counsel for either Party are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

(13) <u>Duration of Protective Order</u>. The provisions of this Protective Order shall continue to be binding upon all Parties and their counsel in this action until the conclusion of this action. The Court retains jurisdiction indefinitely with respect to any dispute of the Parties regarding improper use of information disclosed in this Protective Order.

IT IS SO ORDERED.

_____
United States District Judge

Signatures:

Attorneys for Plaintiff(s):

_/s/ Matthew Bruce (per email authorization on 3/2/2020)_
Counsel for Joni Parker
Bar # 0083769

_/s/ Evan McFarland (per email authorization on 3/2/2020)_
Counsel for Joni Parker
Bar # 0096953

Attorneys for Defendant(s):

_/s/ Natalie M. McLaughlin_
Counsel for Defendant
Bar # 0082203

_/s/ Lauren E. Sanders_
Counsel for Defendant
Bar # 0095518

Date: March 3, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JONI PARKER, | : |
| Plaintiff, | : Case No. 3:19-cv-00323-WHR |
| v. | : Judge Walter H. Rice |
| BOB EVANS RESTAURANTS, LLC, ET AL., | : |
| Defendants. | : |

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____ acknowledge that I have been given a copy of and have read the Agreed Protective Order in <u>Joni Parker v. Bob Evans Restaurants, LLC, et al., Case No. 3:19-cv-00323-WHR</u>, and I agree to be bound by its terms. I acknowledge and agree that any document marked "Confidential," that I receive in connection with this matter shall not be disclosed to or discussed with anyone except as expressly provided in the Agreed Protective Order, and that any such documents shall be destroyed at the conclusion of this case. I consent to the jurisdiction of the United States District Court, Southern District of Ohio, for the purposes of enforcing this Agreed Protective Order.

I declare under penalty of perjury under the laws of the State of _____ and the United States of America that the foregoing is true and correct.

Executed on _____, 201_, at _____.

_____